***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes and in accordance with the directives of the North Carolina Court of Appeals. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Holmes. *Page 2 
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff is Debra Conyers.
2. The employer is New Hanover Schools and its adjusting agency is Key Risk Management.
3. Defendant-employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act.
4. The employer-employee relationship existed between the employer and the employee on or about October 30, 2001, and plaintiff was employed as a bus driver.
5. On October 30, 2001, plaintiff sustained an admittedly compensable injury by accident to her right ankle while in the course and scope of her employment with the defendant-employer, when the employee was walking to the office and tripped over objects lying on the ground. As a result of the compensable injury, the employee alleged that she sustained a causally related subsequent injury to her left knee.
6. Defendant-employer accepted compensability for plaintiff's right ankle by a Form 21 acknowledged as approved by defendant-employer in a Form 33R filed March 22, 2002 and in a Form 33R filed April 7, 2004. No Form 21 was filed with the Industrial Commission.
7. The issue at the time of the hearing was whether there was a causal relationship between plaintiff's original right ankle injury of October 30, 2001 and her subsequent left knee injuries. *Page 3 
8. Post hearing, the claim for the left knee was accepted by defendant-employer as compensable via telephone call and letter on May 5, 2005 to the plaintiff-employee. The Industrial Commission was notified on May 5, 2005.
9. The parties have a dispute as to the appropriate rate of compensation based upon the appropriate average weekly wage. Initial benefits were paid at an average weekly wage of $338.63 and a corresponding compensation rate of $225.76.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by the New Hanover Schools as a bus driver at the time of her injury in October 2001. Plaintiff received her salary in ten monthly installments and earned a total of $17,608.94 during the 52-week period preceding her injury. Plaintiff earned $10.90 per hour.
2. On October 30, 2001, plaintiff sustained an admitted injury by accident to her right ankle while in the course and scope of her employment with defendant-employer. Plaintiff was walking to the driver's building when she tripped over objects lying on the ground.
3. Defendant-employer accepted compensability for plaintiff's right ankle injury.
4. Subsequently, plaintiff sustained an injury to her left knee. Plaintiff alleged the injury to her left knee was causally related to the compensable injury she sustained on October 30, 2001.
 5. Defendant initially denied compensability to the left knee. *Page 4 
6. A Form 33 Request for Hearing was filed by plaintiff in 2002, seeking determination of whether her alleged injury to her left knee was causally related to her compensable injury on October 30, 2001.
7. A Form 33R Response to Request for Hearing was filed on March 22, 2002, stating the defendant-employer denied the compensability of plaintiff's left knee.
8. Post hearing, defendant-employer agreed to accept plaintiff's left knee injury as compensable pursuant to the North Carolina Workers' Compensation Act on May 5, 2005.
9. A Form 22 dated March 24, 2005 reflects total wages of $17,608.94 in the fifty-two weeks preceding plaintiff's October 30, 2001 injury. However, as plaintiff did not work continuously during the fifty-two week period, methods one and two for computing average weekly wage pursuant to N.C. Gen. Stat. § 97-2(5) cannot be used. Using method three, dividing the amount earned by the number of weeks actually worked, plaintiff's average weekly wage would be $434.07, and her compensation rate is $289.40; however, the third method would not be fair and just as it would place plaintiff in a better position and defendant in a worse position than prior to the injury. Method four does not apply in this case as the nature of plaintiff's employment with defendant was not short or of a casual nature. The fifth method of determining plaintiff's average weekly wage under exceptional circumstances where methods one through four would not be fair and just states that plaintiff's average weekly wage must be calculated to most nearly approximate the amount which plaintiff would be earning were it not for her injury. In this case, plaintiff earned $17,608.94 in the 52 weeks preceding her injury. Of those 52 weeks, plaintiff only worked 40 weeks and was paid in ten monthly paychecks. However, under the North Carolina Workers' Compensation Act, plaintiff would be paid every week during all twelve months. Therefore, the fifth method most nearly approximates plaintiff's earnings prior *Page 5 
to her injury and is the most fair and just method by dividing her wages in the 52-week period prior to her accident by 52, the number of weeks in the year. This calculation yields an average weekly wage of $338.63 with a compensation rate of $225.76.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The correct average weekly wage and compensation rate is best determined by using method five, as methods one, two, and four are not applicable, method three would not be fair and just, and method five most nearly approximates plaintiff's actual earnings prior to her injury. N.C. Gen. Stat. § 97-2(5). Using method five, plaintiff's average weekly wage is $338.63 and her compensation rate is $225.76.Id. See also Joyner v. A. J. Carey Oil Co., 266 N.C. 519, 146 S.E.2d 447
(1966); Barber v. Going West Transp., Inc., 134 N.C. App 428,517 S.E.2d 914 (1999).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Under the law, plaintiff's average weekly wage is $338.63 and her compensation rate is $225.76.
2. Defendants shall bear the costs.
This the 10th day of June 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER